# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 07-5183**  September Term, 2007
07cv00783

Filed On: February 7, 2008

[1097747]
Vladimir Kulakov,
       Appellant

v.

William Suter, U.S. Supreme Court Clerk and United States Supreme Court,
       Appellees

**MANDATE**
Pursuant to the provisions of Fed. R. App.Pro.41(a)
ISSUED:
BY:                                    , Deputy Clerk
ATTACHED:  ___ Amending Order
           ___ Opinion
           ___ Order on Costs

**BEFORE:**  Ginsburg, Chief Judge, and Sentelle and Griffith, Circuit Judges

### ORDER

Upon consideration of the motion for summary reversal and the supplements and related notices thereto; and the motion for injunction pending appeal and for declaratory relief (styled "motion for judicial intervention, etc." and "motion to take declaratory rulings"), it is

**ORDERED** that the motion for summary reversal be denied and, on the court's own motion, that the district court's order filed April 30, 2007, be summarily affirmed. The motion for summary reversal placed the merits of this appeal before the court. See U.S. v. Ecker, 479 F.2d 1206, 1208 & n.4 (D.C. Cir. 1973). Because the appropriate disposition is so clear, summary action is warranted. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam). Neither the district court nor this court has authority to compel the Clerk of the Supreme Court to take any action. See Marin v. Suter, 956 F.2d 339 (D.C. Cir. 1992) (per curiam). Furthermore, to the extent appellant is challenging the constitutionality of the Prison Litigation Reform Act ("PLRA"), that challenge is meritless. See Tucker v. Branker, 142 F.3d 1294 (D.C. Cir. 1998) (upholding constitutionality of PLRA filing-fee provision). It is

**FURTHER ORDERED** that the motion for injunction pending appeal and for declaratory relief be denied.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

A True copy:

**Per Curiam**

United States Court of Appeals
for the District of Columbia Circuit

By: _____ Deputy Clerk